**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO ARAMBULA, | ) No. C 05-2246 CW (PR) |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' MOTIONS |
| | ) FOR SUMMARY JUDGMENT, DENYING |
| v. | ) PLAINTIFF'S MOTIONS FOR SUMMARY |
| | ) JUDGMENT AND ADDRESSING ALL PENDING |
| ANDREW WONG and | ) MOTIONS |
| M.S. EVANS, Warden, | ) |
| | ) (Docket nos. 34, 36, 37, 39, 42, |
| Defendants. | ) 48, 54, 55, 63, 64, 65, 66) |
| _____ | ) |

INTRODUCTION

Plaintiff Gonzalo Arambula, a state prisoner currently incarcerated at Kern Valley State Prison (KVSP), brought this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations while he was incarcerated at Salinas Valley State Prison (SVSP). Upon its initial review, the Court dismissed the complaint with leave to amend, finding that some of his claims appeared to be unexhausted. Plaintiff then filed an amended complaint in which he reiterated that he had exhausted his administrative remedies as to all claims in his original complaint.

In an Order dated July 5, 2006, the Court found that Plaintiff stated a cognizable Eighth Amendment claim against Defendants Dr. Andrew Wong and Warden M.S. Evans for deliberate indifference to his serious medical needs (docket no. 19). The Court noted that Plaintiff was suing Defendant Evans in his supervisorial capacity because of his failure to ensure constitutionally adequate medical care for Plaintiff. The Court served Defendants with a copy of the original and amended complaints. Each Defendant separately moves

for summary judgment (docket nos. 39, 42).[1]  Plaintiff also moves

for summary judgment (docket nos. 36, 64) and opposes Defendants'

motions for summary judgment (docket nos. 50, 53).

For reasons discussed below, the Court GRANTS Defendants'

motions for summary judgment, DENIES Plaintiff's motions for

summary judgment and addresses all other pending motions.

FACTUAL BACKGROUND

Plaintiff's claims against Defendants Wong and Evans arose

from their alleged failure to treat Plaintiff's four health-related

concerns.

Plaintiff's first concern deals with arthritic deterioration

in his left knee.  (Stage Decl. ¶ 4.)  On June 26, 2003 at

California State Prison - Corcoran (Corcoran), where Plaintiff was

then incarcerated, Dr. David Smith performed arthroscopic surgery

on Plaintiff's left knee.  (Vervoort Decl., Ex. 3 at 9.)  On July

11, 2003, Dr. Smith ordered a hinged neoprene knee brace for

Plaintiff and prescribed Ibuprofen, at a dose of 800 mg. daily for

ninety days.  (Id., Ex. 3 at 10.)

According to Plaintiff's medical record, Corcoran medical

staff issued an elastic knee brace to Plaintiff on July 18, 2003.

(Stage Decl. ¶ 4.)  On July 31, 2003, Plaintiff requested a hinged

knee brace.  (Id.)  He was told that a hinged knee brace was

unavailable at Corcoran, and he was instructed to renew his request

after transferring to SVSP.  (Id.)

Plaintiff claims that Defendant Wong failed to provide him

with the prescribed hinged knee brace when he was transferred to

---

[1] Defendants do not raise a qualified immunity defense in their
motions for summary judgment.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

SVSP.  (Compl. at 3.)  However, Defendants contend there is nothing in the record showing that Plaintiff renewed his request for a hinged knee brace by submitting a Health Care Services Request upon his arrival at SVSP.  (Stage Decl. ¶ 4.)  On July 13, 2004, Dr. Haffner, a physician at SVSP, prescribed a neoprene knee brace for Plaintiff.  (Id.)  A formal inventory search of SVSP warehouse's computerized database confirmed Plaintiff's receipt of a knee brace on July 30, 2004.  (Gonzales Decl. ¶ 5.)

Plaintiff also alleges that Defendant Wong failed to renew his prescription for Ibuprofen.  (Compl. at 3.)  The record shows that numerous SVSP physicians, including Defendant Wong, prescribed Ibuprofen, Motrin, Tylenol, Aspirin, and other pain relievers at various times to treat Plaintiff's pain associated with arthritic deterioration of his left knee.  (Stage Decl. ¶ 7.)  Plaintiff's prescription for Ibuprofen expired on April 1, 2004; however, Defendants claim that it was not renewed due to Plaintiff's failure to appear for scheduled chronic care appointments on May 13, 2004 and June 7, 2004.  (Id. ¶ 8.)  On July 13, 2004, Plaintiff resumed his chronic care appointments and Dr. Haffner, the attending physician, renewed Plaintiff's prescription for Ibuprofen.  (Id.)

Plaintiff's second health-related concern involves a sprain to his right wrist from an accidental fall at SVSP on October 20, 2003.  (Id. ¶ 5.)  On November 25, 2003, SVSP physician Dr. David Zarek ordered Plaintiff a wrist support for use during physical activity for a three-month period.  (Compl., Ex. 7.)  Plaintiff claims he never received the prescribed wrist support.  (Compl. at 3.)  However, on October 1, 2004, Plaintiff refused delivery of a wrist support that was specially ordered for him.  (Gonzales Decl.

3

¶ 5.)

Dr. Zarek also prescribed a muscle relaxer called Chlorzoxazone at a dose of 500 mg. daily for sixty days.  (Stage Decl. ¶ 6.)  Dr. Zarek and Defendant Wong renewed Plaintiff's prescription for Chlorzoxazone on more than one occasion until the last prescription expired on March 23, 2004, and it was never renewed after that date.  (Id.)  Plaintiff claims that Defendant Wong deprived him of his prescription for Chlorzoxazone by failing to renew it after it expired.  (Compl., Ex. 8.)

Plaintiff's third and fourth health-related concerns relate to his diabetes and high blood pressure.  Plaintiff claims that Defendant Wong failed to provide him with his diabetes and high blood pressure medication.  (Compl. at 3.)  Defendants claim that between February and July of 2004, Plaintiff's medication for high blood pressure was discontinued because his blood pressure readings were within normal range.  (Id.)

In sum, Plaintiff claims that Defendant Wong was deliberately indifferent for his failure to supply the following prescriptions: Ibuprofen; Chlorzoxazone; knee brace; wrist support; and diabetes and high blood pressure medications.  Furthermore, Plaintiff alleges that Defendant Evans is liable in his supervisorial capacity for his failure to ensure constitutionally adequate medical care for Plaintiff.

LEGAL STANDARD

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law.  Fed. R. Civ. P.

4

56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Eisenberg v. Ins. Co. of N. Am., 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute. Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324; Eisenberg, 815 F.2d at 1289. The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

Material facts which would preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. The substantive law will identify which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosps., Inc., 929 F.2d 1404, 1409

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

(9th Cir. 1991), cert. denied, 502 U.S. 994 (1991).  A complete
failure of proof concerning an essential element of the non-moving
party's case necessarily renders all other facts immaterial.
Celotex, 477 U.S. at 323.

DISCUSSION

I.   Exhaustion

    Defendants concede that Plaintiff exhausted his administrative
remedies as to his deliberate indifference claim relating to
Defendant Wong's refusal to renew Plaintiff's prescriptions for
Ibuprofen and Chlorzoxazone as well as his failure to supply
Plaintiff with the prescribed knee brace and wrist support.
However, Defendants contend that Plaintiff's deliberate
indifference claim is unexhausted as to allegations of Defendant
Wong's failure to provide medication for Plaintiff's diabetes and
high blood pressure.

    A.   Background

    A search of SVSP's computerized database of all administrative
appeals filed by inmates revealed that Plaintiff has filed thirty-
two separate 602 appeals.  (Medina Decl., Ex. A.)

    As of November 17, 2006, only one of the inmate appeals that
reached the Director's level of review, appeal no. SVSP-A-04-02949,
includes the same claims against Defendant Wong that Plaintiff has
alleged in the present action.  (Vervoort Decl., Ex. 1, 2, 3, 4,
5.)  Plaintiff filed appeal no. SVSP-A-04-2949 on April 25, 2004,
alleging Defendant Wong's failure to comply with other physicians'
orders to treat Plaintiff's arthritis, diabetes and hypertension.
(Compl. at 3, Ex. 1, 2.)  Specifically, Plaintiff alleged that
Defendant Wong was deliberately indifferent by failing to renew

Plaintiff's prescriptions for Ibuprofen and Chlorzoxazone and by failing to supply him with his prescribed knee brace and wrist support. (<u>Id.</u>) He also included a demand for a permanent prescription for Ibuprofen and Chlorzoxazone. (<u>Id.</u>)

The only other appeal relating to the claims in this action is appeal no. SVSP-A-05-02675. This appeal, which concerns Plaintiff's failure to receive insulin, blood pressure medications, Prilosec and Ibuprofen in 2005, was not pursued through the Director's level of review. (Vervoort Decl., Ex. 5.)

B.   Standard of Review

The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement set forth at 42 U.S.C. § 1997e(a) include allowing the prison to take responsive action, filtering out frivolous cases, and creating administrative records. <u>Porter v. Nussle</u>, 534 U.S. 516, 525 (2002). In order to satisfy the requirement, the exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." <u>Id.</u>; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." <u>See</u> Cal. Code Regs. tit.

United States District Court
For the Northern District of California

7

United States District Court
For the Northern District of California

15, § 3084.1(a).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a). See id. at 1237-38.

When no other administrative remedy is available, the exhaustion requirement is deemed fulfilled.  See Booth, 532 U.S. at 736 n.4.  The obligation to exhaust persists as long as some remedy is available; when that is no longer the case, the prisoner need not further pursue the grievance.  Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).  For example, a prisoner need not exhaust further levels of review once he has either received all the remedies that are available, or been reliably informed by an administrator that no more remedies are available.  Id. at 935.  By contrast, an inmate was deemed not to have exhausted all available remedies where he was informed at the second formal level that his administrative appeal would be treated as a staff complaint, that any non-staff claims should be separately appealed, that further review was available if he was dissatisfied, and that his appeal was denied.  Id. at 940-43.

Nonexhaustion under § 1997e(a) is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 922-23 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Defendants have the burden of

United States District Court

For the Northern District of California

raising and proving the absence of exhaustion, and inmates are not required specifically to plead or demonstrate exhaustion in their complaints. <u>Jones</u>, 127 S. Ct. at 921-22. Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. <u>Brown v. Valoff</u>, 422 F.3d 926, 936-37 (9th Cir. 2005).

C.   Analysis

Based on the evidence in the record, the Court finds that Defendants have met their burden of raising and proving the absence of exhaustion of Plaintiff's claim of inadequate medical care relating to his diabetes and high blood pressure.

Search results from SVSP's computerized database of administrative appeals and authenticated copies of appeals documentation clearly support Defendants' contention that Plaintiff did not seek all available administrative remedies to address his claim of inadequate medical care relating to his diabetes and high blood pressure. The evidence is undisputed that any inadequate medical care for Plaintiff's diabetes and high blood pressure, which was alleged in appeal no. SVSP-A-05-02675, is an issue that has not been addressed or reviewed at the Director's level. (Medina Decl. Ex. A at 2.)

Because the Court finds that Defendants have met their initial burden of raising and proving the absence of exhaustion as to Plaintiff's claim inadequate medical care relating to his diabetes and high blood pressure, Plaintiff must go beyond the pleadings and

"set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  Plaintiff has attached seventy-six exhibits to his original and amended complaints; however, even drawing all reasonable inferences in his favor, the Court does not find any evidence to rebut Defendants' claim of nonexhaustion.

Having reviewed the parties' pleadings and submitted evidence in support of and in opposition to the motion for summary judgment, the Court concludes that Plaintiff did not exhaust administrative remedies with respect to his medical claim of inadequate medical care relating to diabetes and high blood pressure.  Accordingly, this claim is DISMISSED without prejudice for failure to exhaust available administrative remedies.

II.  Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's prohibition against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).  The analysis of a claim of deliberate indifference to serious medical needs involves an examination of two elements:  (1) a prisoner's serious medical needs and (2) a deliberately indifferent response by the defendants to those needs. McGuckin, 974 F.2d at 1059.

A.  Serious Medical Need

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing

United States District Court
For the Northern District of California

Estelle, 429 U.S. at 104).   The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment.   Id. at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

Here, Defendants do not dispute that arthritic deterioration in Plaintiff's left knee and a sprain in his right wrist were "important and worthy of comment or treatment" from medical staff. Id.   Plaintiff claims he is a "critical care patient" with a history of arthritis, diabetes and high blood pressure.   (Compl. at 3.)   Plaintiff contends that his lack of prescribed knee brace, wrist support, Ibuprofen and Chlorzoxazone contributed to his chronic pain and discomfort.   (Id.)   The record shows that several doctors, including Defendant Wong, Dr. Smith, Dr. Zarek, Dr. Taylor, Dr. Haffner and Dr. Bowman, were involved in addressing Plaintiff's various medical needs between June, 2003 and December, 2004.   (Compl., Ex. 7, 9, 10, 11, 12, 14, 26.)   Plaintiff's condition was such that a "reasonable doctor or patient would find important and worthy of comment or treatment" sufficient to meet the serious medical needs prong of a deliberate indifference claim. See McGuckin, 974 F.2d at 1059-60.   However, to establish an Eighth Amendment violation Plaintiff must also provide evidence that Defendants were deliberately indifferent to his serious medical needs.

11

United States District Court
For the Northern District of California

B.    Deliberate Indifference

1.    Defendant Wong

Plaintiff claims that Defendant Wong was deliberately indifferent to his serious medical needs by intentionally causing delays and lapses in the provision of his prescribed knee brace and wrist support, as well as failing to renew his prescriptions for Ibuprofen and Chlorzoxazone.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981); Toguchi v. Chung, 391 F.3d 1051, 1130 (9th Cir. 2004); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pain is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).

The Court finds an absence of evidence to support Plaintiff's assertion that Defendant Wong violated the Eighth Amendment by being deliberate indifferent to Plaintiff's serious medical needs. The undisputed evidence in the record does not show any responsibility Defendant Wong had in the procurement or delivery of Plaintiff's requested orthopedic items.  The record shows Plaintiff received an elastic knee brace at Corcoran on July 18, 2003. (Stage Decl. ¶ 4.)  Plaintiff presents no evidence to suggest

United States District Court
For the Northern District of California

Defendant Wong intentionally and deliberately interfered with or delayed SVSP's compliance with these orders.  Nothing in the record suggests that Defendant Wong was aware of, was involved in, or had any control over, SVSP's ordering and delivery process for a hinged or elastic knee brace.  What the record does show is that Plaintiff sought relief from SVSP's administrative appeals process after making the claim that Defendant Wong refused to provide him with a hinged knee brace.  However, Plaintiff's conclusory statements, without more, are not sufficient to carry his burden of proof at the summary judgment stage.  See Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005) (in equal protection case, conclusory statement of bias not sufficient to carry nonmoving party's burden in a motion for summary judgment).

There is also no evidence in the record to suggest Defendant Wong's involvement in the procurement or delivery of Plaintiff's wrist support.  After Plaintiff sprained his right wrist in November, 2003, Dr. Zarek prescribed a wrist support for Plaintiff for use during physical activity for a three-month period.  Although it is undisputed that an attempted delivery of a wrist support to Plaintiff did not occur until October, 2004, Plaintiff presented no evidence that Defendant Wong interfered with or delayed Dr. Zarek's order.

The Court concludes that Plaintiff has failed to produce any evidence that indicates Defendant Wong's involvement in or control over the procurement and delivery of Plaintiff's knee brace and wrist support.  See Walker v. Benjamin, 293 F.3d 1030, 1038 (7th Cir. 2002) (doctor entitled to summary judgment where plaintiff

13

**United States District Court**
For the Northern District of California

claimed not to have received antibiotics the doctor prescribed for
him but failed to produce any evidence showing that the failure was
in any way within that doctor's control).  Accordingly, the Court
finds no grounds to support Plaintiff's assertion that Defendant
Wong was aware of and disregarded an excessive risk to Plaintiff's
health or safety as a result of delays in the deliveries of
Plaintiff's knee brace and wrist support.  See Toguchi, 391 F.3d at
1058.

     Plaintiff also failed to raise a triable issue of fact on his
claim that Defendant Wong's failure to renew his prescriptions for
Ibuprofen and Chlorzoxazone constituted deliberate indifference to
his medical needs.  Plaintiff claims he is entitled to permanent
prescriptions for Ibuprofen and Chlorzoxazone to alleviate pain and
discomfort associated with arthritic deterioration in his left
knee.  (Compl., Ex. 4.)  However, the record shows that Dr. Wong
did not approve Plaintiff's request for permanent prescriptions.  A
difference of opinion between a prisoner-patient and prison medical
authorities regarding treatment does not give rise to an Eighth
Amendment Violation.  See Franklin, 662 F.2d at 1344.  Rather,
Plaintiff has the burden of showing that the course of treatment
Defendant Wong chose was medically unacceptable under the
circumstances and that he chose this course in conscious disregard
of an excessive risk to Plaintiff's health.  See Toguchi, 391 F.3d
at 1058 (in order to prevail on a claim involving choices between
alternative courses of treatment, a plaintiff must show that the
course of treatment the doctors chose was medically unacceptable
under the circumstances and that they chose this course in

United States District Court
For the Northern District of California

conscious disregard of an excessive risk to plaintiff's health).
The Court finds that Plaintiff has not met this burden because he
did not produce any evidence to support his assertion that
Defendant Wong's decision not to approve a permanent prescription
was a failure to exercise honest medical judgment.  See Jackson v.
McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

     Additionally, evidence in the record supports a finding that
Defendant Wong was not deliberately indifferent to providing
medical care to Plaintiff.  The record shows that Defendant Wong
renewed Plaintiff's prescription for Chlorzoxazone beyond the
initially prescribed period of sixty days on more than one
occasion.  (Stage Decl. ¶ 6.)  The record also shows that Defendant
Wong continued Plaintiff's medications for diabetes and high blood
pressure despite Plaintiff's failure to keep his chronic care
appointments in May and June of 2004.  (Id. ¶ 8.)  In a signed
declaration dated February 2, 2007, Dr. Jack W. Stage, M.D., an
expert hired by Defendants to review Plaintiff's medical records
and SVSP's pharmacy dispensing records, states that "it is my
professional opinion that Dr. Wong provided reasonable and
appropriate medical care to [Plaintiff] at all times."  (Stage
Decl. ¶ 3.)  Dr. Stage further opined that "the standard of care
given by Dr. Wong was at least equal to that of the other
physicians who care for [Plaintiff]."  (Id.)  According to Dr.
Stage, Defendant Wong's decision not to renew Plaintiff's Ibuprofen
prescription when Plaintiff failed to attend scheduled appointments
is consistent with good medical practice because, without seeing
and examining Plaintiff, Defendant Wong could not exercise medical

United States District Court
For the Northern District of California

judgment to determine the necessity of the prescription.  (Stage Decl. ¶ 8.)  At most, the quality of medical treatment Plaintiff received from Defendant Wong could have amounted to negligence or medical malpractice.  A showing of medical malpractice or negligence, however, is insufficient to establish a constitutional deprivation under the Eighth Amendment.  Toguchi, 391 F.3d at 1060-61.  Construing the facts in light most favorable to the Plaintiff, the Court does not find that Defendant Wong's failure to satisfy Plaintiff's requests to renew his prescriptions for Chlorzoxazone and Ibuprofen constitutes evidence of a constitutional violation which could rise to the level of unnecessary and wanton infliction of pain.  See O'Loughlin, 920 F.2d at 617.

Accordingly, the Court finds that Defendant Wong was not deliberately indifferent to Plaintiff's serious medical needs.  Plaintiff has failed to produce sufficient evidence regarding an essential element of his claim and, therefore, Defendant Wong is entitled to summary judgment as a matter of law.  See Celotex, 477 U.S. at 323.

2.   Defendant Evans

Plaintiff sues Defendant Evans in his supervisorial capacity.  Specifically, Plaintiff claims Defendant Evans had knowledge that Plaintiff was treated with deliberate indifference by Defendant Wong because appeals decisions at the Director's level of review were forwarded to Defendant Evans.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and

16

disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."  Id.  In order to establish deliberate indifference, a plaintiff must show a purposeful act or failure to act on the part of the defendant and a resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).  Such indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provided medical care.  See McGuckin, 974 F.2d at 1062.  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.  Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  An administrator may be liable for deliberate indifference to a serious medical need, for

17

**United States District Court**
For the Northern District of California

instance, if he or she fails to respond to a prisoner's request for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).  "It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'"  Preschooler II v. Clark County School Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007) (citations omitted).

Plaintiff's administrative appeals alleging Defendant Wong's deliberate indifference to his medical needs were pursued between April and November of 2004 (Medina Decl., Ex. A at 2.)  The record shows that the Warden's Office at SVSP receives as many as fifty appeals decisions per day.  Defendant Evans was transferred from Tehachapi, California to SVSP as Acting Warden on December 1, 2004, which is after Plaintiff received a partial grant on the second level for appeal no. SVSP-A04-02049. (Evans Decl. ¶ 1.)

Here, Defendant Evans does not dispute that he has received appeals decisions at the Director's level addressing Plaintiff's concerns.  Therefore, taking the facts in the light most favorable to Plaintiff, the Court finds that the record supports Plaintiff's assertion that Defendant Evans could be held liable in his supervisorial capacity because he had knowledge of the alleged violations.  See Taylor, 880 F.2d at 1045.  However, the Court has found that his subordinate, Defendant Wong, was not deliberately

18

**United States District Court**
For the Northern District of California

indifferent to Plaintiff's serious medical needs.  Plaintiff has
failed to produce sufficient evidence regarding an essential
element of his claim and, therefore, Defendant Evans is entitled to
summary judgment as a matter of law.  See <u>Celotex</u>, 477 U.S. at 323.

III. Plaintiff's Motion for Summary Judgment

Plaintiff has filed motions for summary judgment which consist
of brief statements reiterating his claim that he is the victim of
cruel and unusual punishment.  Because the parties have filed
cross-motions for summary judgment, the Court has considered all of
the evidence submitted by Defendants in support of their motions,
as well as the admissible evidence submitted by Plaintiff to
evaluate whether summary judgment should be granted to Plaintiff.
See <u>Fair Housing Council of Riverside County, Inc. v. Riverside
Two</u>, 249 F.3d 1132, 1135 (9th Cir. 2001).

For the reasons discussed above, the Court concludes that
Plaintiff has not established that Defendants acted with deliberate
indifference to his medical needs.  When the Court, as it must,
regards as true Defendants' evidence and draws all reasonable
inferences in favor of Defendants, <u>Celotex</u>, 477 U.S. at 322-23, no
genuine issues of material fact exist which entitle Plaintiff to
judgment as a matter of law.  Accordingly, Plaintiff's motions for
summary judgment (docket nos. 36, 64) are DENIED.

IV.  Plaintiff's Additional Pending Motions

Plaintiff has filed three motions for immediate injunctive
relief because KVSP Correctional Officers allegedly obstructed his
access to KVSP's law library (docket nos. 34, 48).  He also
requests immediate monetary relief and provisions of multiple

19

United States District Court

For the Northern District of California

items, including a knee brace and a brand new wheelchair at KVSP

(docket no. 54).  Any claims regarding the conditions of his

confinement at KVSP must be filed in the United States District

Court for the Eastern District of California, because that is the

district in which KVSP is located.  Accordingly, Plaintiff's

requests for injunctive relief (docket nos. 34, 48, 54) are DENIED

without prejudice to Plaintiff seeking such relief in the Eastern

District.

Plaintiff filed an untimely motion for leave to amend his

complaint after Defendants moved for summary judgment.  Under Rule

15 of the Federal Rules of Civil Procedure, Plaintiff may amend as

of right at any time prior to the filing of a responsive pleading

and thereafter only with leave of court.  Leave must be freely

granted "when justice so requires."  Plaintiff could have moved to

amend at any time prior to the filing of the motion for summary

judgment but did not.  Defendants would be substantially prejudiced

by such an amendment coming at the eleventh hour, when both parties

have moved for summary judgment and substantial delay would result

if the amendment was granted.[2]  Furthermore, Plaintiff has not

demonstrated any reason for his late amendment.  Accordingly, leave

to amend his complaint (docket no. 63) is DENIED.

---

[2]  Federal Rule of Civil Procedure 15(a) is to be applied
liberally in favor of amendments and, in general, leave shall be
freely given when justice so requires.  Janicki Logging Co. v. Mateer,
42 F.3d 561, 566 (9th Cir. 1994).  While mere delay in seeking to
amend is not grounds to deny amendment, leave need not be granted,
where the amendment of the complaint would cause the opposing party
undue prejudice, is sought in bad faith, constitutes an exercise in
futility, or creates undue delay.  Id.; see also Roberts v. Arizona
Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (district court's
finding of prejudice to defendants sufficient to deny amendment,
because motion to amend came at eleventh hour, when summary judgment
pending and discovery period had closed, affirmed as proper exercise
of district court's discretion).

1    Plaintiff's motion for a subpoena duces tecum and motion for

2  enforcement of the subpoena duces tecum (docket nos. 65, 66),

3  specifically requesting prison operational procedures and medical

4  records, are DENIED as moot.

5    Plaintiff's other pending motions which are unintelligible and

6  do not specify relief are DENIED as moot, including his motions

7  entitled "Motion for Request a [sic] Entry of Judgment By

8  Declaratory Motion Statement" and "Motion to Compel and Discovery"

9  (docket nos. 37, 55).

10                           CONCLUSION

11    1.   Plaintiff's medical claim of inadequate medical care

12  relating to diabetes and high blood pressure is DISMISSED without

13  prejudice for failure to exhaust available administrative remedies.

14  Defendants' motions for summary judgment are GRANTED as to the

15  remaining claims (docket nos. 39, 42).

16    2.   Plaintiff's motions for summary judgment (docket nos. 36,

17  64) are DENIED.

18    3.   The Clerk of the Court shall terminate all pending

19  motions as indicated above, enter judgment in favor of Defendants,

20  and close the file.

21    4.   This Order terminates Docket nos. 34, 36, 37, 39, 42, 48,

22  54, 55, 63, 64, 65 and 66.

23    IT IS SO ORDERED.

24  DATED:  9/20/07

25                                 CLAUDIA WILKEN
                                   United States District Judge
26

27

28

1
2
3
4
5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

6   ARAMBULA,                                    Case Number: CV05-02246 CW

7                  Plaintiff,                    **CERTIFICATE OF SERVICE**

8        v.

9   WONG et al,

10                 Defendant.
                                         _____/
11

12   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
     Court, Northern District of California.
13

14   That on September 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said
     copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
15   envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
     located in the Clerk's office.

16

17

18   Amy Wing Man Lo
     California Attorney General's Office
19   1515 Clay Street
     Suite 2000
20   Oakland,  CA 94612

21   Gonzalo  Arambula T-61604
     Kern Valley State Prison; Delano II
22   FAC C-8-111 Low
     P.O. Box 5103
23   Delano,  CA 93216-5103

24   Dated: September 20, 2007

25                                      Richard W. Wieking, Clerk
                                        By: Sheilah Cahill, Deputy Clerk

26

27

28

P:\PRO-SE\CW\CR.05\Arambula2246.MSJ+pendMOTS.frm   22

**United States District Court**
For the Northern District of California